## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

Antoine Laverne Jones,                                                    Civil No. 05-2474  DSD/AJB

                Petitioner,

v.                                                                **REPORT AND RECOMMENDATION**

State of Minnesota,
Warden Connie Roehrich

                Respondents.

      This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1], and on respondents' Motion to Dismiss Petition for Writ of Habeas Corpus [Docket No. 7].  The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).  Petitioner is confined at the Minnesota Correctional Facility at Faribault (MCF–Faribault) pursuant to conviction and sentencing in Benton County District Court on one count of first degree burglary for which he is serving a term of 111 months incarceration.[1]  Petitioner seeks relief from terms of his conviction and sentencing, asserting that he did not knowingly, voluntarily and intelligently waive his right to a jury trial, and that he was improperly sentenced.

---

[1]  Petitioner was initially convicted of another first degree burglary charge on which he was sentenced to a concurrent 60-month term.  The 60-month sentence was vacated on appeal, but the 111-month sentence was affirmed.  In addition, petitioner was charged with two fifth-degree assault charges, Counts III and IV.  Count III was dismissed by the state.  Petitioner was convicted the on the Count IV assault charge, but the trial court determined that the crime was a lesser-included offense to the Count II burglary charge, and petitioner therefore was not sentenced on Count IV.

The respondent opposes petitioner's § 2254 action, arguing that the court is presented with a mixed petition which should not be considered in this instance.  Specifically, respondent acknowledges that the prisoner has presented the jury waiver matter to the Minnesota Supreme Court, but does not concede that the petitioner identified a specific federal constitutional issue with respect to jury waiver.  In any event, respondent asserts that the petitioner effectively waived his right to a jury trial on the record.  With regard to the sentencing issue, respondent contends that the matter was never raised to the Minnesota Supreme Court and is therefore not exhausted, and should not be reviewed, in this habeas corpus action.[2]  For the reasons discussed below, it is the magistrate judge's recommendation that the respondents' motion to dismiss be granted [Docket No. 7] and that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice [Docket No. 1].

**Factual Background**[3]

---

[2]  Respondent notes that a multiple conviction and sentencing issue was presented to and considered by the Minnesota Court of Appeals which determined that petitioner's two burglary convictions arose out the same behavioral incident and only one sentence was permissible.  However, the court of appeals further concluded that the Count I burglary for which the petitioner was given a 60-month sentence was a lesser included offense to the Count II burglary for which the petitioner was given a 111-month sentence, and the 111-month presumptive guidelines sentence on Count II was therefore affirmed.  In his current petition the prisoner asserts grounds for relief based upon his being punished twice for the same offense, and a sentence ". . . exceeding the 60 month presumptive sentence of the one entry burglary punishing petitioner twice for multiple offenses of [o]ne behavioral incident, single conduct."  In his memorandum in opposition to dismissal the petitioner explains that his claim is that the 111-month sentence is an unlawful upward departure from sentencing guidelines.  Contrary to petitioner's memorandum argument, the 111-month sentence was not an upward departure from the Minnesota Sentencing guidelines sentence, as further discussed in this report.

[3]  State's Memorandum, Appendix, <u>State v. Jones</u>, 2004 WL 2340077 (Minn. App.)(unpublished opinion).

At approximately 6:00 p.m. on December 31, 2002, St. Cloud police received a report that petitioner Antoine Jones had entered a home without permission and had assaulted the woman who resided in the home with her children. The victim advised police officers that she had been doing laundry in the lower level of the house when she heard a male voice upstairs. The victim went upstairs and found the petitioner talking to her 8-year son regarding a prior incident involving the 8-year-old and the petitioner's daughter. Mr. Jones and the victim had a heated exchange of words during which the petitioner was told to leave several times. At some point the petitioner grabbed the victim, put his hand around her throat, and shoved her against a wall. As they struggled and fell to the floor the petitioner began to choke the victim with both hands. The petitioner finally released the victim at which time she opened the door and yelled at Jones to get out of the house. Before leaving, the petitioner hit the victim's nose with a head-butt, causing significant bleeding.

**Procedural Background**

Prior to trial in this matter, defense counsel had sent a letter to the trial court stating that Mr. Jones had decided to waive his right to a jury trial and wanted proceed with a court trial. At a subsequent pretrial hearing a record was made of an exchange between petitioner and his lawyer in which the attorney expressly referenced the earlier decision to proceed with a court trial rather than a jury trial; the petitioner confirmed that it was still his decision to proceed with a trial to the court; defense counsel again told Mr. Jones that he could have a jury trial, but that they were going with a court trial for reasons that had been discussed privately; and the petitioner again confirmed the

3

decision.[4]  This matter was tried to the court, Benton County District Court Judge James Hoolihan, on

September 5, 2003.

The trial court convicted Mr. Jones on two separate first degree burglary counts and a

fifth degree assault count.  The petitioner was sentenced to a 60-month term on one of the burglary

charges and a 111-month term on the second burglary, sentences to run concurrently.  He was not

sentenced on the assault charge.  Mr. Jones appealed the convictions and sentences to the Minnesota

Court of Appeals, asserting that he had not effectively waived his right to a jury trial, and that he was

improperly convicted and sentenced twice for counts that arose out of the same behavioral incident.

The court of appeals determined that petitioner had effectively waived his right to a jury trial, and he

was not entitled to relief on that ground.  With respect to multiple convictions and sentences, the

appellate court held that petitioner could not be sentenced on two separate counts because the count I

burglary was a lesser-included of the count II burglary, but the court found that the trial court properly

issued the presumptive guidelines sentence on count II, and the 111-month sentence was not in error.[5]

Mr. Jones sought Minnesota Supreme Court review of the court of appeals decision by petition dated

November 15, 2004.[6]   The sole issue presented on appeal to the supreme court was whether the

petitioner had effectively waived his right to a jury trial.  No issues relating to sentencing were

presented, either with respect to multiple terms or the length of the final sentence. The Minnesota

---

[4]  State's Memorandum, Appendix, State v. Jones, 2004 WL 2340077, *2 (Minn.
App.)(unpublished opinion).

[5]  State's Memorandum, Appendix, State v. Jones, 2004 WL 2340077 (Minn.
App.)(unpublished opinion).

[6]  Id., Petition for Review of Decision of Court of Appeals.

Supreme Court denied review of the Court of Appeals decision on December 22, 2004.[7]   The

prisoner has not sought relief in this matter by petition for post conviction relief.

## Claims and Defenses

In the present petition for habeas corpus relief under §2254, Mr. Jones asserts that he

did not knowingly, intelligently, and voluntarily waive his right to jury trial, citing the Fifth, Fourteenth,

and Sixth Amendments.  In addition, petitioner claims that he was improperly sentenced in excess of the

60-month presumptive sentence to which he could be sentenced on one burglary charge, contrary to

the Eighth, Fifth, Sixth, and Fourteenth Amendments.  Respondents contend that this §2254 petition is

not properly before the court, and should be dismissed, because petitioner's claims have not been

presented the state's highest appellate court as a federal issue.  Specifically, respondents argue that the

Petition for Review of the Decision of the Court of Appeals did not expressly assert the jury waiver

claim as a federal issue, and that the improper sentencing claim was not presented to the Minnesota

Supreme Court in any fashion whatsoever.  Respondents insist that the petition should be dismissed

either on grounds that petitioner has not exhausted state court remedies with respect to either claim or

that he has presented a mixed petition which likewise should be dismissed.  In his memorandum in

response to the motion to dismiss petitioner again argues the merits of his ineffective waiver of his right

to jury trial claim.  As to the sentencing issue petitioner explains that he is challenging the excessiveness

of the sentence rather that the double conviction, and in that regard he argues that his 111-month

sentence was a departure which is subject to analysis under <u>Blakely v. Washington</u>, 542 U.S. 296, 124

---

[7]  Id., Order on petition for further review filed December 22, 2006.

S.Ct. 2531 (2004).  Finally, petitioner asserts that he was prejudiced by ineffective assistance of counsel in district court and on appeal with regard to <u>Blakely</u> related sentencing issues, apparently seeking to establish cause and prejudice in anticipation of procedural default review on his sentencing claim.

## DISCUSSION

### State Proceedings

    **Exhaustion.**  Generally, a federal court cannot consider the merits of a habeas corpus petition filed by a state prisoner unless the petitioner can demonstrate exhaustion of all of the available state court remedies with respect to each of the claims that are being presented to the federal court.  28 U.S.C. § 2254(b) and (c); <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982).  Exhaustion of state remedies is required to ensure that state courts have the initial opportunity to review and adjudicate a petitioner's federal constitutional claims.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991).  A claim is considered to be exhausted when the highest state court has been permitted a fair opportunity to rule on the factual and theoretical substance of the claim.  <u>Krimmel v. Hopkins</u>, 56 F.3d 873, 875-76 (8th Cir.)(<u>cert</u>. <u>denied</u>, 116 S.Ct. 578 (1995)); <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1179 (8th Cir. 1993)(<u>citing</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275-278 (1971)).   Indeed, in order to give the state courts one full opportunity to resolve any constitutional issues, a prisoner must proceed through one full round of the State's appellate review process.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 119 S.Ct. 1728, 1732 (1999).  Under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court.  <u>Id.</u>, 526 U.S. 838, 119 S.Ct. at 1733.  Failure to seek review of claims at all appellate levels of

the state court system represents non-exhaustion of those claims.

In his direct appeal to the Minnesota Court of Appeals the petitioner alleged ineffective waiver of his right to jury trial, and unlawful conviction and sentencing on two charges arising out of the same behavioral incident.  As noted previously, the court of appeals rejected the waiver of jury trial claim, but as to multiple convictions and sentences, the appellate court held that the count I burglary was a lesser-included of the count II burglary and petitioner could not be sentenced separately on the two counts.  It was a hollow victory for petitioner though, because but the court of appeals found that the trial court properly issued the presumptive guidelines sentence on count II, and that the 111-month sentence was not in error.  In any event, the sole issue presented on petition for supreme court review was whether the conviction should be vacated on grounds that petitioner did not make a knowing, intelligent, and voluntary waiver of his right to a jury trial.  The sentencing issue was simply not presented to the Minnesota Supreme Court.

A state prisoner's petition for writ of habeas corpus may be entertained by a federal court "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  <u>Schleeper v. Groose</u>, 36 F.3d 735, 737 (8th Cir. 1994).  Furthermore, as explained above, even a federal claim may not go forward under § 2254 if the claim has not been fairly presented to the state courts on the same facts and legal theories that are subsequently presented to the federal courts.  <u>Morris v. Norris</u>, 83 F.3d 268, 270 (8th Cir. 1996).  Indeed, even if an applicable state law bears some relationship to federal law, the petitioner in a habeas action must explicitly cite to the United States Constitution or federal case law to preserve federal review.  <u>Id.</u>

The petitioner in this matter now contends that each of his claims raises federal constitutional issues. However, he does not directly answer respondent's contention that the jury trial waiver was not sufficiently presented in the state courts as a federal issue, and he likewise fails to fully address the issue of state court exhaustion on the sentencing matter, though he apparently attributes such failure to appeal on ineffective assistance of counsel.

In Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347 (2004), the U.S. Supreme Court held that a state prisoner does not fairly present a federal claim to a state court if that court is required to read outside the petition, brief, or other comparable documents to find material that would alert the court to the existence of such a federal claim. Id.,124 S.Ct. at 1350. In particular, the state supreme court is not required to read the lower court's decision in a quest to determine whether federal claims have been asserted. Id. The requirement of fair presentation imposes no unreasonable burden on a state prisoner who may eventually seek federal habeas corpus relief because the federal issue can easily be raised by merely citing a federal source of law that is relied upon or a case deciding such a claim on federal grounds. Id. at 1351.

In his petition for supreme court review Mr. Jones cited United States v. Delgado, 635 F.2d 889, 890 (7th Cir. 1981) for the proposition that a defendant should be informed of particular rights entailed by the right to jury trial. Delgado was, of course, a federal case, and the decision was rendered in an appeal of a federal conviction. Even so, the state court petition for review in the present case made no reference whatsoever to the existence of specific Fifth, Fourteenth, and Sixth Amendment claims with respect to jury waiver, and again, no constitutional claims or federal cases whatsoever were presented on the sentencing issue, though he now generally asserts claims under

Eighth, Fifth, Sixth, and Fourteenth Amendments and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct.

2531.  Allowing petitioner an extremely charitable interpretation of his petition for supreme court

review, the court concludes that he has presented a federal issue with respect to jury waiver by virtue of

his citation to <u>Delgado</u> and that issue is therefore properly considered on the merits.[8]  However, the

court finds no justification for such charity with regard to sentencing issues.  That claim has never been

subject to review by the Minnesota Supreme Court.  The claim is therefore unexhausted and is not

subject to review at this time.  Furthermore, the Court finds no excuse for the failure to present the

sentencing claim to the Minnesota Supreme Court.  Therefore the claim is procedurally defaulted and

should be dismissed.

       **Procedural Default.**  When a petitioner has failed to fairly present federal

constitutional claims in state court, the federal court must determine whether the state procedural rules

would allow hearing on the merits in a state court proceeding.  <u>McCall v. Benson</u>, 114 F.3d 754, 757

(8th Cir. 1997).  If the state's procedural rules would preclude hearing on the merits, the petitioner has

procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless

cause and prejudice, or miscarriage of justice, can be demonstrated.  <u>Id</u>

       As discussed above, petitioner has asserted a claim in this § 2254 action which has not

_____

    [8]  The particular proposition for which petitioner cited <u>United States v. Delgado</u>, 635 F.2d 889, 890 (7th Cir. 1981), i.e. a defendant should be expressly advised that a jury consists of twelve persons, the defendant may participate in jury selection, the jury verdict must be unanimous, and that if jury is waived, a judge alone will consider guilt or innocence, has been substantially abrogated by subsequent Seventh Circuit case law.  The case is not helpful to petitioner on its merits, but nonetheless, it involved a federal claim regarding jury waiver.  The reference to <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, in the petition for supreme court review was entirely gratuitous and has no useful application to issues presented either on direct appeal or in the present habeas corpus action.

been exhausted.  Petitioner has fully exercised his direct appeal rights, but he did not raise the claim on

appeal to the Minnesota Supreme Court and he has not petitioned for post conviction relief.  Minnesota

law provides that once the prisoner has directly appealed, "all matters raised therein, and all claims

known but not raised, will not be considered upon a subsequent petition for postconviction relief." Id.

(quoting State v. Knaffla, 243 N.W.2d 737, 741 (1976)); Roby v. State, 531 N.W.2d 482, 484

(Minn. 1995).  Though the prisoner in this matter has not petitioned for post conviction relief, it is clear

that Minnesota law precludes further state court review of the sentencing claim as presented in the

current petition for habeas corpus relief.  Consequently, this Court concludes that petitioner has

defaulted on the unexhausted claims under Minnesota state law.  McCall v. Benson, 114 F.3d 754,

757-58.

The finding of procedural default bars federal review of the merits of the constitutional

claims unless the petitioner demonstrates either cause for the default and actual prejudice, or

fundamental miscarriage of justice resulting from failure to consider the claims on the merits.  McCall at

758.  Petitioner in this case simply attributes his failure to appeal his sentence to the supreme court to

ineffective assistance of trial and appellate counsel.  However, in order to establish ineffective assistance

of counsel as cause to excuse the procedure default of another habeas claim, the petitioner must satisfy

the cause and prejudice standard with respect to the ineffective-assistance claim itself.  Edwards v.

Carpenter, 529 U.S. 446, 451-52, 120 S.Ct. 1587, 1591 (2000).  In this instance the petitioner offers

no explanation or cause other than the bare allegation of ineffective assistance of counsel for not

explicitly presenting his sentencing claim on direct appeal to the Minnesota Supreme Court, and he

offers absolutely no cause or explanation whatsoever with respect to the ineffective-assistance claim

itself.  Furthermore, petitioner has not alleged the actual prejudice necessary to overcome procedural default with regard to either sentencing[9] or ineffective assistance.  "To demonstrate prejudice, a petitioner must show that the errors of which he complains 'worked to his *actual* and substantial disadvantage, infecting his entire [hearing] with error of constitutional dimensions.'"  Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995)(citations omitted).  Petitioner in this matter has neither picked up the challenge nor carried the burden of showing cause and prejudice as required to avoid dismissal of ineffective-assistance claims based upon procedural default.  Likewise, petitioner has made no showing of fundamental miscarriage of justice with respect to any of his claims because he has made no cognizable attempt to demonstrate "that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  McCall v. Benson, 114 F.3d 754, 758 (citing Brownlaw v. Groose, 66 F.3d 997, 999 (8th Cir. 1997)(quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995)).  Since the prisoner has procedurally defaulted his unexhausted claims, i.e. improper sentencing and ineffective assistance of counsel, and he therefore has no further opportunity to exhaust those claims in state proceedings, dismissal of this action to permit full exhaustion is not required and the remaining claim will be considered on the merits even though other claims must be dismissed on

---

[9] The essence of petitioner's sentencing claim is that his 111-month sentence was the result of a upward sentencing departure from a presumptive 60-month term, consequently raising implications under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537 (2004)(holding that in a prosecution presented to a jury, the panel must make findings on facts essential to the punishment).  The 111-month sentence imposed on the petitioner here was the presumptive guideline sentence for the count on which he was convicted and was not a departure from the guidelines.  State v. Jones, 2004 WL 2340077 (Minn. App.)(unpublished opinion).  The 60-month sentence he would seek to have applied was the sentence on the lesser included offense.  The additional time is incorporated within the guidelines and presumably reflects the assault on a person element of the burglary offense.  Minn. Stat. § 609.582, subd. 1(c)(2002).

procedural grounds.

## Waiver of Right to Jury Trial

Mr. Jones alleges in his petition that the trial court did not obtain a "personal" waiver of his constitutional rights because the court did not question him as to whether he understood the basic elements of a trial, or that he personally agreed to waive his trial rights.[10]  In his memorandum in opposition to dismissal the prisoner asserts constitutional defect in his trial based upon the trial court's failure to make a record of his personal waiver of trial rights which could establish that the waiver was knowing, intelligent, and voluntary.  The sole issue upon which the prisoner can establish federal jurisdiction in this matter is based up his citation to United States v. Delgado, 635 F.2d 889, 890 (7th Cir. 1981), in his petition for supreme court review.  Based upon that case it was petitioner's contention that waiver of jury trial would be effective only if he had been expressly informed that a jury is composed of twelve members of the community, that the defendant may participate in jury selection, that the jury verdict must be unanimous, and if jury is waived, the judge alone will decide guilt or innocence.  Id.  Petitioner's reliance on Delgado is misplaced.  In United States v. Rodriguez, 888 F.2d 519, 527 (7th Cir. 1989) the same circuit court stated that even though the above described information should be provided to the defendant as a matter of prudence, ". . . lesser (or no) warnings do not call into question the sufficiency of the waiver so far as the Constitution is concerned[.]" Id. (citing Williams v. DeRobertis, 715 F.2d 1174 (7th Cir. 1983) (state courts are not bound by Delgado)).  Waiver means the intentional relinquishment of a known right.  Rodriguez at 528.  For federal constitutional

---

[10]  Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, page (5).

purposes, knowledge of details regarding the jury process may facilitate an astute decision on whether to waive trial by jury in favor of a court trial, "but a decision need not be wise to be voluntary." Id.

In the instant case the petitioner's trial counsel initially sent a letter to the court stating that "[a]fter due consideration [Mr. Jones] has decided to waive his right to a jury trial and proceed with a court trial ..." State v. Jones, 2004 WL 2340077 (Minn. App.)(unpublished opinion). Thereafter, counsel prudently had the petitioner's waiver put on the court record at pretrial hearing through the following colloquy:

> Counsel:     . . . The other thing I'd like to put on the record is with Mr. Jones. Antoine, you and I have discussed in the past–we made a decision last week to move this matter from a court–or from a jury trial rather to a court trial. I just want to make sure and put on the record that that is still your decision; correct?
>
> Petitioner:  Yes, it is still my decision.
>
> Counsel:     And you understand you could have a jury trial, but instead you're going to have a court trial for reasons we have discussed privately, right?
>
> Petitioner:  Yes, sir.

Id. at *2.

It is abundantly clear that the petitioner in this matter provided a voluntary, knowing, and intelligent waiver of his right to a jury trial, and his desire to proceed by trial to the court in preference to a jury trial was clearly and unequivocally stated on the record. Petitioner's waiver of right to jury trial was effective and there was no violation with respect to his right to jury trial under the United State Constitution. The petition should be dismissed on the merits as to the jury issue and should be dismissed in all other respects as previously discussed in this report.

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

It is hereby **recommended** that respondents' Motion to Dismiss Petition for Writ of

Habeas Corpus be **granted** [Docket No. 7] and that Antoine Jones' Petition under 28 U.S.C. § 2254

for Writ of Habeas Corpus by a Person in State Custody be **dismissed** [Docket No. 1].


Dated:     June 2, 2006


                                          s/ Arthur J. Boylan
                                         Arthur J. Boylan
                                         United States Magistrate Judge


        Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections
which specifically identify the portions of the Report to which objections are made and the bases for
each objection. Written objections shall be filed with the Clerk of Court and served upon opposing
parties before June 19, 2006.  This Report and Recommendation does not constitute an order or
judgment from the District Court and it is therefore not directly appealable to the Circuit Court of
Appeals.